IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK R. EVANS JR.        : | |
|     Plaintiff     : | |
| : | |
| V.                              : | 3:CV-07-01446 |
| : | (JUDGE VANASKIE) |
| MAUI CUP-LETICA CORPORATION  : | |
|     Defendant    : | |
| : | |

MEMORANDUM

Jack R. Evans, Jr. has asserted claims of discrimination and retaliation against his former employer, Defendant Maui Cup-Letica Corporation ("Letica"). Letica has filed a motion to dismiss, contending that Plaintiff's claims are time barred, that service was untimely, and that the Amended Complaint fails to state a claim of retaliation or discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, et seq.. (Dkt. 15.)[1] Although Plaintiff's action is not untimely and dismissal for improper service is not warranted, Plaintiff has failed to present sufficient allegations respecting the material elements necessary to sustain a claim of retaliation or discrimination under the ADA. Accordingly, Defendant's Motion to Dismiss will be granted. Plaintiff, however, will be given an opportunity to file another amended complaint in order to attempt to rectify his pleading deficiencies.

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

I. BACKGROUND

Plaintiff initially filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and was mailed a right-to-sue letter on May 23, 2007. (EEOC Notice of Rights, Dkt. 2.)  The right-to-sue letter clearly provided that any lawsuits based on the EEOC claims must be filed within ninety (90) days of receipt of the right-to-sue notice and that failure to file would result in loss of Plaintiffs' right to sue.  (Id. at 3.)[2]

On August 7, 2007, Plaintiff filed a complaint and motion for leave to proceed in forma pauperis in this Court. (Dkts. 1 & 2.)  The Complaint identified the parties and requested the Court to "find in favor of plaintiff on the grounds of failure to accommodate an employee with a disability and harrassment [sic] as well as discrimination of said employee and retaliation against an injured employee." (Dkt. 1, at 2.)  Plaintiff's statement of the claim referred to: "attached papers A1, A2, and A3," without any further explanation of his claims.  (Id. at 1-2.)  There were, however, no papers attached to the Complaint.  Instead, attached to Plaintiff's Motion for Leave to Proceed In Forma Pauperis were three sheets of paper, labeled A1, A2, and A3. (Dkt. 2, at 4-6.)  The attached papers provide a time line of events which occurred between April 15, 2005, and September 14, 2005.  (Id.)[3]

---

[2]   Citations to page numbers refer to the page number of the document on the CM/ECF electronic record.

[3]  The attached papers provided that on April 15, 2005, "[w]hile removing a case off the top layer [of a pallet of paper cups], another case fell and hit [Plaintiff] in the lower back." (Id. at 4.)  He claims, "I suffer from a herniated disk in the L5 and S1" and "I was put on 'light duty.'"

On October 22, 2007, this Court granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis, but directed Plaintiff "to file an amended complaint that provides adequate notice to Defendant of his disability claim." (Oct. 22, 2007 Order, Dkt. 5, at 1.) This Court found that the Complaint did

> not set forth any allegations against Defendant, but instead incorporate[d] by reference an exhibit attached to his request for in forma pauperis status. The attached exhibit, however, afford[ed] no basis for a meaningful reply by Defendant. An amended complaint setting forth the factual allegations of Mr. Evans's claim will enable Defendant to properly respond.

(Id.) This Court dismissed the Complaint without prejudice and ordered Plaintiff to file an amended complaint within twenty (20) days. (Id.)

---

(Id.) On May 17, 2005, Plaintiff "tripped over a pallet while restacking a product" and was "sent to Care Works for a drug test." (Id.) Plaintiff alleges that to his knowledge, no other employees have been sent for a drug test when an incident did not result in injury or damage to company property. (Id.) On May 18, 2005, Plaintiff was permanently "removed from forklift duty and put back on light duty," which Plaintiff alleges was unnecessary. (Id.) Although Plaintiff alleged that it was unnecessary to put him back on light duty, he claims that on May 26, 2005, he was removed from the warehouse and placed on the lid line as a stacker, which was not within the "doctor's recommendations." (Id.) Plaintiff claims that on five occasions over the summer of 2005 he was absent from work due to back pain and doctors appointments, and received demerits on the attendance point system. (Id. at 5.) Plaintiff states that on August 31, 2005, he received his one-year evaluation and received a salary increase of $0.12 per hour which was less than 1.5 percent of his salary. (Id.) On September 14, 2005, Plaintiff was switched from third shift to first shift, which resulted in the loss of a $0.50 per hour shift differential. (Id.) Plaintiff was assigned to sort cups, which was "light duty" work. (Id.) Thus, based on this recitation of facts, Plaintiff felt as though he has "been targeted and pushed around" since his accident occurred and that he is "being made an example of, by the Management, as to what happens to an injured employee, by [sic] made to do light duty in full view of the AMPAC employees." (Id. at 6.)

On November 23, 2007, Plaintiff filed a notice of a change of address with the Clerk's Office.  (Change of Address, Dkt. 6.)  On February 6, 2008, well outside the twenty (20) day filing period, Plaintiff filed a letter with the Court stating that he never received the October 22, 2007 Order and requested leave to continue the action "from the point where [he] failed to receive the order."  (Letter, Dkt. 7.)  On February 7, 2008, the Court granted Plaintiff's request to continue the action and ordered Plaintiff to file an amended complaint within twenty (20) days.  (Feb. 7, 2008 Order, Dkt. 8, at 2.)

Plaintiff filed an amended complaint on February 14, 2008. (Amended Complaint, Dkt. 9.)  The statement of the claim in Plaintiff's Amended Complaint asserts:

> 1. After an on the job injury, sustained on April 15, 2005, Defendant failed to abide by several doctors recomendations [sic] and limitations.
> 2. Plaintiff was removed from his regular duties and was forced to preform [sic] duties beyond his physical capabilities and limitations as set forth by several specialising [sic] physicians.
> 3. Defendant failed to make any reasonable accomodations [sic] to assist Plaintiff after his injury, transferring Plaintiff to a less than desirable position, forcing him to exceed doctor reccomended [sic] physical capabilities and limitations
> 4. Defendant retaliated against and disiplined [sic] Plaintiff for sustaining said injury and for seeking medical attention for treatment thereof.

(Id. at 1-2.)  Plaintiff's prayer for relief was that this Court find that Defendant "was in knowledge of and violated the Americans with Disabilities Act of 1990 and afford the Plaintiff in this action the legal satisfaction of bringing Defendants to justice."  (Id. at 2.)  No additional information was included in Plaintiff's Amended Complaint.

On February 19, 2008, this Court ordered that the United States Marshal serve a copy of

4

the summons and Amended Complaint upon Defendant. (Feb. 19, 2008 Order, Dkt. 10.) The Summons was returned executed on June 6, 2008. (Dkt. 11.) On June 25, 2008, Defendant filed the current Motion to Dismiss. (Dkt. 15.) The Motion has been fully briefed and is ripe for decision.

II. DISCUSSION

    A. Standard of Review

The court's task on a Rule 12(b)(6) motion to dismiss for failure to state a claim is to "determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In doing so, all factual allegations and all reasonable inferences drawn therefrom are assumed to be true. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the cause of action." Id.

The court, however, need not accept as true a complaint's "bald assertions" or "legal conclusions." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims. United States v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). The Supreme Court recently abrogated its longstanding decision in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), which had held that a complaint may be

dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Court retired this "no set of facts" language in favor of a new standard: a plaintiff's obligation to state a claim for relief under Rule 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). As a result of Twombly, plaintiffs must now nudge their claims "across the line from conceivable to plausible." Id. To state a claim consistent with the language of Fed. R. Civ. P. 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain factual allegations sufficient "to raise a right to relief above a speculative level." Id. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). As such, courts may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 127 S.Ct. at 1969; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action).

Pro se pleadings, of course, are to be construed liberally, Haines v. Kerner, 404 U.S.

519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Where, however, a complaint sets forth facts affirmatively demonstrating that the plaintiff has no right to recover, dismissal without leave to amend is appropriate. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

B. Statute of Limitations

Defendant argues that Plaintiff's claims are time barred since the Amended Complaint was filed more than ninety (90) days after the EEOC right-to-sue letter was issued. Defendant's argument is based upon Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984), which held that a filing that did not qualify as a complaint did not toll the limitations period for an employment discrimination case.

"A Title VII complainant has ninety days from the receipt of an Equal Employment Opportunity Commission (EEOC) 'right-to-sue letter' to bring an action in court." Smith v. Johnson, 213 Fed. App'x 129, 130 (3d Cir. 2007); see 42 U.S.C. § 2000e-5(f)(1). This ninety (90) day period is treated as a statute of limitations. Smith, 213 Fed. App'x at 130.

Plaintiff's right-to-sue letter was dated May 23, 2007. (Dkt. 15-6, at 3.) Plaintiff filed his Complaint and Motion to Proceed In Forma Pauperis on August 7, 2007, well within the ninety (90) day period.

7

"Rule 3 of the Federal Rules of Civil Procedure states that '[a] civil action is commenced by filing a complaint with the court.' A complaint must contain, inter alia, 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Baldwin, 466 U.S. at 149 (quoting Fed. R. Civ. P. 8(a)(2)). "Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. at 149 n.3 (quoting Conley, 355 U.S. at 47). Furthermore, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Id. at 152.

In Baldwin, the Court held that filing a right to sue letter did not commence an action because it did not constitute a complaint. 466 U.S. at 150. As a result, an amended complaint could not relate back to the filing of the right-to-sue letter because it did not qualify as an original pleading. Id. at 149 n.3. Accordingly, the Court affirmed the dismissal of the action as barred by the 90-day limitations period. Id. at 152.

In the October 22, 2007 Order (Dkt. 5), this Court found that

> Mr. Evans's Complaint does not set forth any allegations against Defendant, but instead incorporates by reference an exhibit attached to his request for in forma pauperis status. The attached exhibit, however, affords no basis for a meaningful reply by Defendant. An amended complaint setting forth the factual allegations of Mr. Evans's claim will enable Defendant to properly respond.

Defendant claims that because the initial complaint did not give Defendant fair notice of

Plaintiff's claims and "'the grounds upon which it rests,'" it was "not an original pleading that could be rehabilitated by invoking Rule 15(c)." Baldwin, 466 U.S. at 149 n.3. Defendant asserts that since Plaintiff's Amended Complaint was filed outside the ninety (90) day period it was untimely and cannot relate back to his prior, August 7, 2007 filing, because the initial Complaint did not satisfy the Rule 8 pleading requirements.

Rule 15(c)(1)(B) provides for the relation back of amendments. The Rule provides that, "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – <u>or attempted to be set out</u> – in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B) (emphasis added).

When confronted with a similar situation in which a <u>pro se</u> plaintiff timely filed a complaint that did not meet the pleading requirements of Rule 8, and the defendant similarly alleged that the amended complaint failed to relate back to the initial complaint for statute of limitations purposes, the Southern District of New York in <u>Nielsen v. Flowers Hospital</u>, held that:

> What defendant's argument implies – and what gives this Court pause – is the general proposition that whenever a <u>pro se</u> litigant presents a Title VII complaint in timely fashion to a district court, but the complaint is sufficiently defective as to be subject to attack on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the complaint should be disregarded both for Title VII filing purposes and under the general pleading rules and further, that it should be deemed incapable of cure by subsequent amendment. Such a proposition flies in the face of several important legislative and judicial objectives, not the least of which is manifested in Congress' enactment and the federal courts' enforcement of Title VII and other legislation intended to remedy the effects of unlawful discrimination. Both the

> Supreme Court and this Circuit, for example have eschewed hypertechnical constructions of Title VII's filing requirements that would needlessly burden or hamper litigants seeking redress under the statute.

Nielsen v. Flower Hospital, 639 F. Supp. 738, 744 (S.D.N.Y. 1986). The court in Nielsen went on to adopt Professors Wright and Miller's analysis of Baldwin, finding that:

> "construed most broadly, the Court's opinion [in Baldwin] seems to suggest that if the initial complaint is defective for failure to state a claim for relief then an amendment seeking to cure those defects would not be allowed to relate back. But this interpretation seems wrong since one of the functions of Rule 15 is to allow amendments to expand or cure defective pleadings."

Id. (quoting 6 Wright & Miller § 1497 at 237 (1986 Supp.)).

In Nelson v. Anoka County Cmty. Action Program, Civ. No. 07-4693, 2008 WL 2729123 (D. Minn. July 10, 2008), a Minnesota district court was similarly faced with a pro se plaintiff who filed a timely complaint with the court, but the complaint failed to state a claim upon which relief could be granted. Upon initial review of the complaint, the court found that the complaint "was deficient due to the lack of a description of the factual or legal bases for the claims," but granted plaintiff an additional twenty (20) days to file an amended complaint. Id. at *2. The plaintiff filed an amended complaint within the time period prescribed by the court's order, but outside the ninety (90) day statutory deadline. Id. The defendants argued that plaintiff's claim was untimely because the original complaint did not meet the pleading requirements of Rule 8, and the amended complaint could not "relate back" to the original complaint. Because the order directing the filing of an amended complaint did not explain that the action may still be

10

dismissed as untimely, even if plaintiff complied with the prescribed twenty (20) day filing period, the court determined that the complaint could "relate back" to the initial complaint as "[a] contrary ruling would be inequitable and would cause [plaintiff] considerable hardship." Id.

The Order of October 22, 2007, in this case also failed to apprise Plaintiff of the potential statute of limitations implications attendant to this Court's determination that an amended pleading was necessary. As in Nelson, it would be inequitable to visit upon Plaintiff the harsh consequences of dismissal on statute of limitations grounds where it is evident that Plaintiff attempted to bring his lawsuit within the statutory filing period.

Furthermore, Rule 15(c)(1)(b) clearly provides that an amended pleading relates back when it asserts a claim that arose out of the occurrence set out "or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(b). The Fifth Circuit in McClellon v. Lone Star Gas Co., 66 F.3d 98, 103 (5th Cir. 1995), held that in a Title VII claim, filed by a pro se plaintiff, "an amended complaint filed to cure [R]ule 8 pleading deficiencies relates back to the filing date of the original, albeit deficient, complaint when the amended complaint properly pleads what the party 'attempted to set forth' in the original complaint." Id. The court held that this finding was even more compelling in light of the plaintiff's pro se status and the liberality accorded to the pleadings of such parties. Id.

In addition to Baldwin, Defendant cites Male v. Tops Friendly Mkts., No. 07cv653, 2008 WL 1836948 (W.D.N.Y. Apr. 22, 2008), in support of its position that the current claim is

11

untimely. The situation in Male, however, is distinguishable from the one at hand. In Male, the plaintiff was represented by counsel when she filed a document entitled "complaint" which included a "facts" section with over thirty numbered, but blank, paragraphs and headings for two causes of action with the subsequent paragraphs left blank. Id. at *1. Before the defendant was served with the summons and complaint they moved to dismiss under Rule 12(c), claiming that the complaint failed to satisfy the minimum pleading requirements established by Rule 8(a)(2). Id. The plaintiff, in fact, conceded that the complaint "was not substantive." Id. The court found that plaintiff's amended complaint, filed outside the applicable ninety (90) day limitations period, was untimely and could not relate back to the original complaint to satisfy the statute of limitations. Id. at *6. The court premised its decision on the fact that plaintiff had filed a "sham document to circumvent the 90-day limitation period," and since plaintiff had alleged no facts in support of the claim and no occurrences or transactions, the amended complaint could not arise out of the same occurrence or transaction as prescribed by Rule 15(c)(1)(B).

Unlike Male, Plaintiff here is proceeding pro se and attempted to provide facts in the original pleading to which an amended complaint could relate back. Furthermore, Plaintiff's Amended Complaint asserts the same claims, based on the same occurrences, as he attempted to set forth in his pleading attached to his Motion to Proceed In Forma Pauperis, thus satisfying the requirements of Rule 15(c)(1)(b). See McClellon, 66 F.3d at 103. Accordingly,

12

Plaintiff's Amended Complaint, filed beyond the ninety (90) day period, relates back to the date the initial Complaint was filed.

Unlike the Plaintiff in Baldwin, Plaintiff's initial Complaint was more than the simple filing of a right-to-sue letter, but instead was a form entitled "complaint." Additionally, unlike the plaintiff in Male, Plaintiff is unrepresented by trained legal counsel, and courts in this Circuit have placed great emphasis on the fact that pro se litigants should be granted leave to file curative amended complaints. See Alston, 363 F.3d at 235. Accordingly, Defendant's Motion to Dismiss based on the assertion that Plaintiff's claims are barred by the statute of limitations will be denied.

C. Service of Process

Defendant additionally asserts entitlement to dismissal of the claims based on Plaintiff's failure to serve the Complaint within 120 days of its filing. (Motion to Dismiss, Dkt. 16, at 7-8.) Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(c)(3) provides that "[t]he court must so order [that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . . ." Fed. R. Civ. P. 4(c)(3). As Plaintiff here was authorized to proceed in forma pauperis under 28 U.S.C. §

1915, service could not have occurred until this Court ordered that service by made by a United States marshal, deputy marshal, or other appointed representative. See id. Furthermore, "'[w]here . . . the original complaint has been superseded by an amended complaint, it is not proper thereafter to serve the original complaint with the summons.'" Ahmad v. Indep. Order of Foresters, 81 F.R.D. 722, 726 (E.D. Pa. 1979) (citing 2 Moore's Federal Practice 4.06, at 4-75 (2d ed. 1978)).

By Order dated February 19, 2008, this Court ordered the United States Marshal to serve a copy of the summons and Amended Complaint upon Defendant. (Dkt. 10.) The United States Marshal was not directed to serve the Complaint on Defendant as it had been superseded by the Amended Complaint. See Ahmad, 81 F.R.D. at 762. As a return of service was made on June 6, 2008, within 120 days of the February 19, 2008 Order, it is clear that Defendant was served with the Amended Complaint within the period required by Rule 4(m). Defendant's Motion to Dismiss premised on failure to timely serve the Complaint will be denied.

### D. Retaliation and ADA Claims

In addition to arguing that Plaintiff's claims are untimely and proper service was not effected, Defendant argues that Plaintiff's claims of retaliation and discrimination under the ADA, fail to state a claim. In addition, Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to the retaliation claim.

In order "to advance a prima facie case of retaliation, a plaintiff must show that: (1) the

14

employee engaged in a protected activity; (2) the employer took adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000); see Pressley v. Johnson, 268 Fed. App'x 181, *3 (3d Cir. Mar. 10, 2008). Plaintiff claims that "Defendant retaliated against and disiplined [sic] Plaintiff for sustaining said injury and for seeking medical attention for treatment thereof." (Amended Complaint, Dkt. 9, at 2.) Plaintiff has failed to state what protected activity, if any, he engaged in which led to the retaliation. See id. Sustaining an injury at work is not an activity protected by the ADA. See Moore, 461 F.3d at 341. Thus, Plaintiff has failed to either directly or inferentially plead allegations respecting a material element necessary to sustain a claim under a theory of retaliation.[4] See Twombly, 127 S.Ct. at 1969.

"In order to establish a prima facie case of disparate treatment under the ADA, a plaintiff

---

[4] Defendant's Reply Brief additionally argues for dismissal of the retaliation claim based on Plaintiff's failure to exhaust administrative remedies. (Dkt. 19, at 4.) Our Court of Appeals has held that "'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Atkinson v. LaFayette Coll., 460 F.3d 447, 453 (3d Cir. 2006) (quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)). Defendant's contention appears meritorious. Plaintiff's EEOC charge alleged only one count, "Assignment (less desirable) Disability-Has a Disability-Discrimination." (Dkt. 19-2, at 2.) Consequently, Plaintiff's second amended complaint must provide evidence of exhaustion of administrative remedies regarding each of his causes of action in order to survive summary dismissal. That is, if Plaintiff did not present a retaliation claim to the EEOC, he cannot assert one here. See Atkinson, 460 F.3d at 453.

15

must show '(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'" Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). "An individual can establish he is disabled under the ADA by showing that he has (1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such an impairment, or (3) is regarded as having such an impairment." Amiot v. Kemper Ins. Co., 122 Fed. App'x 577, *2 (3d Cir. Dec. 21, 2004) (citing 42 U.S.C. § 12102(2)).

    Plaintiff's allegation that he sustained an on the job injury and that Defendant forced him to exceed doctor recommendations and physical limitations does not qualify as an impairment which has substantially limited one or more of his major life activities. Plaintiff's complaint does not allege any facts from which it may be inferred that he had any condition that substantially impaired his ability to perform some major life activity. His assertion of a back injury that resulted in medically-imposed lifting, bending, and twisting limitations is not sufficient to show that he falls within the coverage of the ADA. See Marinelli v. City of Erie, PA, 216 F.3d 354, 364 (3d Cir. 2000) (finding a ten-pound lifting restriction did not render plaintiff disabled under the ADA); Cella v. Villanova Univ., No. 03-1749, 113 Fed. App'x 454, *2 (3d Cir. Oct. 19, 2004) (same); Benko v. Portage Area Sch. Dist., 241 Fed. App'x 842, 846 (3d Cir. 2007) (bending limitations does not "rise to the level of a severe restriction"). Accordingly, as Plaintiff has failed

to plead that he is disabled or perceived as having a disability, under any reasonable reading of his amended complaint, Plaintiff's discrimination claim under the ADA fails.  See Shaner, 204 F.3d at 500.

Furthermore, as Plaintiff has failed to plead a disability, his failure to accommodate claim is also without merit.[5]  Consequently, Defendant's Motion to Dismiss based on a failure to state a claim of discrimination under the ADA will be granted.

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston, 363 F.3d at 235.  "'Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.'" Id. at 236.  Although it is doubtful that Plaintiff can present a viable retaliation or disability discrimination claim in this matter, it cannot be determined at this time that he is unable to do so.  Thus, Plaintiff will be afforded an opportunity to file a second amended complaint.  The amended pleading mus allege facts that at least suggest that he falls within the coverage of the ADA for

---

[5]  To prove failure to accommodate "a disabled employee must demonstrate: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 319-20 (3d Cir. 1999) (citing Mengine v. Runyon, 114 F.3d 415, 420 (3d Cir. 1997)).  As Plaintiff has failed to plead that he is disabled or that his employer knew of his disability, Plaintiff has failed to plead a claim of failure to accommodate.  See id.

purposes of presenting a discrimination or failure to accommodate claim.  In addition, he must allege exhaustion of administrative remedies and that he engaged in protected conduct in order to support a retaliation claim.  Failure to do so will leave his second amended complaint subject to dismissal.

## III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss will be granted.  An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK R. EVANS JR. : | |
|     Plaintiff : | |
| : | |
| V. : | 3:CV-07-01446 |
| : | (JUDGE VANASKIE) |
| MAUI CUP-LETICA CORPORATION : | |
|     Defendant : | |
| : | |

## ORDER

NOW, THIS 16th DAY OF APRIL, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss (Dkt. 15) is GRANTED.

2. Within twenty (20) days of the date of this Order, Evans may file a second amended complaint.

3. Failure to file a second amended complaint will result in the dismissal of this action.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge